**ORAL ARGUMENT NOT YET SCHEDULED**

No. 26-5113

IN THE

# United States Court of Appeals
# for the District of Columbia Circuit

THE NEW YORK TIMES COMPANY, *et ano*,

*Plaintiffs-Appellees*,

v.

DEPARTMENT OF DEFENSE A/K/A DEPARTMENT OF WAR, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Columbia, No. 1: 25-cv-04218-PLF
Hon. Paul L. Friedman, J.

**MOTION OF PENTAGON PRESS ASSOCIATION FOR LEAVE
TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF
PLAINTIFFS-APPELLEES' RESPONSE TO DEFENDANTS-
APPELLANTS' EMERGENCY MOTION FOR A STAY**

DAVID A. SCHULZ
JOHN LANGFORD
MEDIA FREEDOM &
  INFORMATION ACCESS CLINIC
YALE LAW SCHOOL
127 Wall Street
New Haven, CT 06511
(212) 850-6103
david.schulz@yale.edu

*Counsel for Pentagon Press
Association as Amicus Curiae*

## CERTIFICATE AS TO PARTIES AND CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rule 27.1(a)(4), putative *amicus* certifies that except for the following, all parties, intervenors, and *amici* appearing in this court are listed in the Briefs for Appellants and Appellees:

1. The Pentagon Press Association.

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 28(a)(1)(A), *amicus curiae* certifies as follows: the Pentagon Press Association is an unincorporated nonprofit association. It has no parent corporation and no subsidiaries, and it issues no stock.

Pursuant to Federal Rules of Appellate Procedure 27 and 29(a)(3) and D.C. Circuit Rules 27 and 29(a)(3), the Pentagon Press Association ("PPA"), a nonprofit association, respectfully moves, through undersigned counsel, for leave to file a brief as *amicus curiae* in support of Plaintiffs-Appellees' opposition to Defendants-Appellants' emergency motion for a stay pending appeal. The proposed *amicus curiae* brief is attached hereto as Exhibit 1.

In support of this motion PPA further states:

1.    *Amicus* Pentagon Press Association is an unincorporated association founded in 2010 to promote the interests and protect the rights of journalists assigned to report on the U.S. Department of Defense. PPA's members are reporters whose principal journalistic assignments involve covering senior Pentagon officials, the military, and other matters related to the Department of Defense. Approximately 100 members of the PPA had their Pentagon press passes revoked on October 15, 2025, for refusing to accept restrictions on routine newsgathering imposed by the Department in the new press policy at issue in this appeal. The PPA has a particular interest in ensuring that the First Amendment rights of its members' newsgathering and reporting at the Pentagon are protected.

2.    The PPA submits the proposed amicus brief to underscore how the long history of sustained press access to the Pentagon controverts the Department's claim that a return to the status quo that existed before the implementation of its

unconstitutional policy, as ordered by the district court, would somehow create an immediate risk of irreparable harm to national security. The brief also highlights the substantial public interest favoring implementation of the district court injunction while this appeal proceeds. The journalist members of PPA have a direct stake in the enforcement of the district court order during this appeal.

3.    Pursuant to D.C. Circuit Rule 29(d), proposed *amicus* states that PPA previously submitted an *amicus* brief in the district court and its counsel participated in oral argument on the summary judgment motion.

4.    No party or its counsel had any role in authoring the proposed brief. No person or entity—other than *amicus* and its counsel—contributed money to fund the preparation of this brief.

5.    All parties to this appeal consent to the timely filing of the enclosed *amicus* brief.

For the foregoing reasons, proposed *amicus curiae* Pentagon Press Association respectfully requests the Court to grant its motion for leave to file a brief as *amicus curiae* in support of Plaintiffs-Appellees' response to Defendants-Appellants' emergency motion for a stay pending appeal.

Dated: April 17, 2026

Respectfully submitted,

/s/ David A. Schulz
DAVID A. SCHULZ
JOHN LANGFORD

2

MEDIA FREEDOM &
  INFORMATION ACCESS CLINIC
YALE LAW SCHOOL
127 Wall Street
New Haven, CT 06511
(212) 850-6103
david.schulz@yale.edu

*Counsel for Pentagon Press
Association as Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 410 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

2. This motion complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman typeface.

Date: April 17, 2026

/s/ *David A. Schulz*
David A. Schulz

3

**CERTIFICATE OF SERVICE**

I certify that on April 17, 2026, I electronically filed the foregoing Notice with the United States Court of Appeals for the District of Columbia Circuit, using the appellate CM/ECF system. All parties are registered CM/ECF users, and service upon them will be accomplished by the appellate CM/ECF system.

Date: April 17, 2026

/s/  *David A. Schulz*
David A. Schulz