GIBSON DUNN

Theodore J. Boutrous Jr.
Partner
T: +1 213.229.7804
M: +1 310.871.7093
tboutrous@gibsondunn.com

September 28, 2026

Via ECF

Clifton B. Cislak
Clerk of Court
United States Court of Appeals
for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

Re: *New York Times Company, et al. v. United States Department of Defense, et al.*, No. 26-5113
*New York Times Company, et al. v. United States Department of Defense, et al.*, No. 26-5253

Rule 28(j) Letter re: *Mahoney v. U.S. Capitol Police Board*

Dear Mr. Cislak:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees submit *Mahoney v. U.S. Capitol Police Board*, No. 24-5207 (D.C. Cir. Sept. 22, 2026). *Mahoney* held that a regulation governing public demonstrations on the Eastern Capitol Steps—a nonpublic forum—violated the First Amendment by unreasonably conditioning the right to demonstrate on a congressmember's sponsorship. Op. 14–19. This Court, applying the same standard invoked below, reasoned that the restriction failed to employ "objective, workable standards" and afforded government actors "unbridled discretion over a forum's use." Op. 15 (citation omitted); *see* Plaintiffs-Appellees' Br., 26-5113 (*NYT I*) 12. In two ways, *Mahoney* reinforces that the district court's rulings condemning the Department's current and former PFAC policies—which also are discretionary licensing regimes for speech—should be affirmed.

First, *Mahoney* underscores that access restrictions require closer scrutiny when a forum's "history" and "uses" demonstrate its compatibility with expression. Op. 15–16. The Court applied "'more demanding' scrutiny" to the demonstration policy because the Capitol Steps had long been "used for demonstrations," part of a "wider American tradition of public speech near legislatures." *Id.* Likewise, the Pentagon's eight decades of unescorted press access—part of a broader, longstanding tradition of press access to federal buildings—demonstrate why the Interim Policy, and the October

GIBSON DUNN

Policy it resurrected, are unlawful. *See NYT I* Br. 5–7, 25, 32–33, 47–48; Plaintiffs-Appellees' Br., 26-5253 (*NYT II*) 5–8, 43–44.

Second, *Mahoney* reiterates that when the First Amendment is at stake, courts will not unthinkingly accept the government's invocation of "security" interests. Op. 18–19. The government argued that the demonstration policy protected "the security of the Capitol," but the Court found that this explanation neither fit the policy's details nor could "justify a wholly discretionary sponsorship system for public speech." *Id.* Here, too, despite the government's assertions, the district court did not need to accept the Department's argument that its policies protected "security"—especially when undisputed evidence refuted that contention and the policy was not tailored to its claimed purpose. *See NYT I* Br. 7, 9, 14, 17, 25; *NYT II* Br. 16, 37–44.

Sincerely,

/s/ *Theodore J. Boutrous, Jr.*

Theodore J. Boutrous, Jr.

*Counsel for Plaintiffs-Appellees*
*The New York Times Company and Julian E. Barnes*