GIBSON DUNN

Theodore J. Boutrous Jr.
Partner
T: +1 213.229.7804
M: +1 310.871.7093
tboutrous@gibsondunn.com

November 11, 2026

Via ECF

Clifton B. Cislak
Clerk of Court
United States Court of Appeals
for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

Re: *New York Times Company, et al. v. United States Department of Defense, et al.*, No. 26-5113
*New York Times Company, et al. v. United States Department of Defense, et al.*, No. 26-5253

Rule 28(j) Letter re: *In re Application of United States of America for an Order Pursuant to 18 U.S.C. § 2703(d)*

Dear Mr. Cislak:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees submit *In re Application of United States of America for an Order Pursuant to 18 U.S.C. § 2703(d)*, No. 26-4303 (4th Cir. Nov. 10, 2026) ("*LinkedIn*"). The Fourth Circuit held that an order requiring LinkedIn to disclose journalists' records in a leak investigation was overbroad. Three aspects of *LinkedIn* reinforce why the district court's rulings should be affirmed.

First, *LinkedIn* emphasizes that "[a]ccess to sources inside an agency is essential where the press seeks to ensure public accountability from the often-opaque bureaucracies that today define the executive function." Op. 17. The Department's escort requirement, which impedes that essential access, is an unreasonable restriction for that reason, and directly harms Plaintiffs-Appellees. *See* Plaintiffs-Appellees' Br., 26-5253 (*NYT II*) 43–44. That "the government might wish" certain matters "undisclosed, either to save itself from embarrassment or because it simply prefers to have its actions unexamined" "does not confer upon government the right to silence." Op. 16.

Second, *LinkedIn* reiterates that the "[c]onfidentiality of sources is the lifeblood of a free press." Op. 17. Without it, "press coverage would be pushed in the direction of official handouts and outside sources," "the ability of journalists to report on events of large importance and governmental behavior of dubious legality and integrity could not help but be hampered," and "the ability to speak [would be] infringed." *Id.* *LinkedIn* confirms that the Interim Policy's presumption

GIBSON DUNN

against journalists who offer confidentiality to sources penalizes routine, protected newsgathering and impermissibly vests Department officials with unbridled discretion to exclude a journalist from the Pentagon for reporting that goes beyond "official handouts." *See* Plaintiffs-Appellees' Br., 26-5113 (*NYT I*) 31–33.

Third, *LinkedIn* underscores the fragility of Defendants-Appellants' generalized, post-hoc "national security" rationale for the Interim Policy. Even in investigating a leak about a "top-secret" military operation, the government was "not entitled to carte blanche." Op. 4, 11, 22. Here, the Department's vague "national security" rationale was neither credible nor tethered to the Interim Policy's restrictions on newsgathering. The district court properly scrutinized and rejected it. *See* Plaintiffs-Appellees' Br., *NYT II* 43–44, 55.

Sincerely,

*/s/ Theodore J. Boutrous, Jr.*

Theodore J. Boutrous, Jr.

*Counsel for Plaintiffs-Appellees*
*The New York Times Company and Julian E. Barnes*